UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) MOISES ANTONIO SOTO and<br>(2) KIERSTEN SOTO,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>) Criminal No. 22-cr-40027-MGM<br>)<br>)<br>)<br>)<br>) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER EXCLUSION OF VICTIM 1'S PENDING STATE CHARGES**

The United States of America respectfully opposes the defendant Moises Soto's Motion to Reconsider Exclusion of Victim 1's Pending State Charges ("Defendant's Motion"). Docket No. 251. The government incorporates the arguments in its previously filed Motion *in Limine* to Exclude Evidence of Pending Charges. Docket No. 245. On September 16, 2025, the Court allowed the government's motion and excluded inquiry into Victim 1's pending state charges.

Victim 1 was charged with state drug crimes in July 2025, more than three years after the events leading to the criminal charges against the defendants. Police initially questioned Victim 1 in May 2022 regarding the defendant's criminal sex-trafficking activities – over three years prior to the state drug charges being filed. Prior to Victim 1 being charged by the state in July 2025, she met with police, HSI investigators, and prosecutors in this case numerous times. In her meetings with investigators prior to the filing of these charges, Victim 1 described the nature and circumstances of the defendants' trafficking. Reports of these interviews have been produced to the defendants. Additionally, in October 2022, more than 2.5 years prior to the filing of these state drug charges, Victim 1 testified under oath in the Grand Jury without any promises or inducements,

and without any grant of immunity.  A transcript of Victim 1's testimony has been produced to the defendants.  In other words, during all these meetings, including her sworn grand jury testimony, Victim 1 had not been charged with any state crimes and had no motive to curry favor with the government because these state charges were three years in the future.

Given the timeline of when Victim 1 reported the sex trafficking by the defendants to investigators and testified about these crimes under oath, the recent July 2025 charges have no bearing on her credibility.  The two cases cited by the defendant that are remotely factually analogous are inapposite given the timing of those witnesses' willingness to speak with investigators about the crimes at issue.[1]  In *Davis v. Alaska*, when the witness spoke with police, he was already on probation with the juvenile court and therefore, may have had a motive to curry favor with investigators in the initial interviews.  See 415 U.S. 308, 310–11 (1974) ("At the time of the trial *and at the time of the events Green testified to*, Green was on probation by order of a juvenile court after having been adjudicated a delinquent for burglarizing two cabins.") (emphasis added).  Here, there were no pending charges at the time of Victim 1's disclosures to investigators and grand jury testimony.  In *Delaware v. Van Arsdall*, after the witness agreed to speak with the prosecutor, his state charges were dismissed.  See 475 U.S. 673, 676 (1986) ("During Fleetwood's cross-examination, defense counsel sought to impeach Fleetwood by questioning him about the dismissal of a criminal charge against him—being drunk on a highway—*after he had agreed to speak with the prosecutor* about Epps' murder.") (emphasis added).  Here, Victim 1's state charges

---

[1] *Olden v. Kentucky*, the third case cited by the defendant, Defendant's Motion at 3, involved the preclusion of questioning about the witness's cohabitation with a person of a different race.  488 U.S. 227, 230 (1988).

remain pending. In other words, the timing of the charges matters. Here, years before the state charges were filed, Victim 1 agreed to speak with investigators and prosecutors about the defendant's criminal conduct, including by providing sworn grand jury testimony without any promises, inducements, or immunity. The timing of her interviews and grand jury testimony puts the present case far outside the timeline where these July 2025 pending criminal charges could be relevant to show bias.

Additionally, in the cases cited by the defendant, the pending charges against the witnesses were lodged by state prosecutors, and state prosecutors brought the criminal charges against the defendants who went to trial. Here, Victim 1's charges were brought by the Commonwealth of Massachusetts, whereas the crimes against the defendants are being prosecuted by the federal government. The federal government, a separate sovereign, has no ability to control the ultimate disposition of Victim 1's state charges and has no agreement with Victim 1 to assist her in the ultimate resolution of those charges. Therefore, there is no basis to claim that Victim 1 has an incentive to curry favor based on those state charges. *See Stephens v. Hall*, 294 F.3d 210, 224 (1st Cir. 2002) (observing that a suggestion of bias would be "rather weak" against a prosecutor's witness who had pending charges in a different county and that the witness's testimony was "not likely to win [her] points" with a prosecutor from a different county).

## CONCLUSION

Based on the reasons set forth herein and in the Government's Motion *in Limine* to Exclude Evidence of Pending Charge, Docket No. 245, the United States respectfully requests that the Court

deny Defendant's Motion and prohibit any inquiry into Victim 1's pending charges in state court.

Dated: September 16, 2025

                                    Respectfully submitted,

                                    LEAH B. FOLEY
                                    United States Attorney

By:    */s/ Stephen W. Hassink*
          Stephen W. Hassink
          Torey B. Cummings
          Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                    */s/ Stephen W. Hassink*
                                    Stephen W. Hassink
                                    Assistant United States Attorney

Dated: September 16, 2025