UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>MOISES SOTO and KIERSTEN SOTO ) | Criminal Case 22-cr-40027-MRG |

**DECLARATION OF JOHN S. DAY, ESQUIRE, IN SUPPORT OF
DEFENDANTS' MOTION FOR NEW TRIAL**

I, John S. Day, hereby declare under oath as follows:

1. I serve as counsel for Defendant Kiersten Soto in the matter captioned above. My office is located at 99 Derby Street, Suite 200, Hingham, MA 02043, and my Board of Bar Overseers registration number is 639249.

2. Defendant Moises Soto is represented by Michael Tumposky, Esq. Mr. Tumposky's office is located at 88 Broad Street, Suite 101, Boston, MA 02110, and his Board of Bar Overseers registration number is 660618.

3. The alleged criminal conduct at issue in this prosecution purportedly occurred between February 2022 and May 2022.

4. The alleged victim of this alleged conduct is Ms. Soto's half-sister.

5. Ms. Soto's half-sister was the only alleged victim, and her testimony was critical to the government's case.

6. At trial, the government alleged the Defendants forced the alleged victim into sex trafficking in order to, without limitation, pay their opioid dealer.

7. The alleged victim furthered this allegation by testifying that she was forced to meet with the dealer at the direction of the Defendants in order to procure drugs for them.

8. At the time of her trial testimony, the alleged victim was in default on Massachusetts state drug charges involving this same dealer, and the Defendants attempted to cross-examine the alleged victim on this patently relevant issue involving the alleged victim's credibility.

9. The trial judge denied the Defendants an opportunity to explore this critical and relevant line of inquiry regarding the alleged victim's voluntary and ongoing association with the drug dealer she was allegedly forced to buy the Defendants' opioids from during 2022.

10. Similarly, the alleged victim appeared to be under the influence of an unknown substance at trial, but the trial judge denied the Defendants a meaningful opportunity to fully explore this apparent intoxication through cross-examination.

11. The alleged victim did not attend, or otherwise present any statement during, the sentencing hearing on January 23, 2026.

12. On January 28, 2026, AUSA Stephen Hassink sent an email to the Defendants' counsel that has been filed herewith as Exhibit 3.

13. On January 29, 2026, AUSA Hassink provided the Defendants' counsel with two photographs, which have been foiled herewith as Exhibit 4, that depict the card conveyed by the trial judge to the alleged victim with a handwritten note, as well as a bracelet and several seashells.

14. The trial judge made no mention of this *ex parte* transmittal during the sentencing hearing, and the Defendants' undersigned counsel were not aware of it until they received AUSA Hassink's email on January 28, 2026.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 19TH DAY OF FEBRUARY, 2026.**

_____
**John S. Day**